UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 3:13-CR-106-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CHARLES KEVIN BRIDGES, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Renewed Motion for Compassionate Release, (Doc. No. 122). After the motion had been fully briefed, (Doc. Nos. 125, 127, 128), and in response to the Government's objection regarding exhaustion of administrative remedies, the Court issued an order on September 21, 2021, instructing defense counsel to update the Court once Defendant had exhausted his administrative remedies, (Doc. No. 129). Defense counsel filed two responses (Doc. Nos. 130, 131). These responses contained additional argument as to Defendant's worsening medical conditions but failed to include an update as to any response to Defendant's request to the warden of his facility as previously ordered by the Court. Nevertheless, the Court finds that based on the current record, there has now been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Court finds that Defendant has exhausted his administrative remedies sufficient for this Court to consider the Renewed Motion for Compassionate Release. For the reasons below, the Court GRANTS Defendant's Motion for Compassionate Release (Doc. No. 122).

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and argues extraordinary and compelling reasons, along with consideration of the 18 U.S.C. § 3553(a) factors, support his request to reduce his sentence to time served. Following enactment of the First Step

1

Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies, the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."). Having found that Defendant has exhausted his administrative remedies, the Court thus turns its analysis to whether extraordinary and compelling reasons exist to reduce Defendant's sentence and consideration of the relevant § 3553(a) factors.

After reviewing the record, the Court concludes that Defendant's pleadings and supporting evidence demonstrate extraordinary and compelling reasons to warrant a reduction. The Court specifically points to Defendant's serious medical conditions, the recent frequent visits to the hospital for emergency treatment,[1] his age of 63 years old, and other reasons, including the *combined impact* of Defendant's serious medical conditions, his age, and the recent worsening of his medical conditions requiring significant medical care outside of the facility where he is located.

---

[1] The Court is troubled by defense counsel's representation that Defendant was recently "confined in the ICU Hospice unit of the hospital," (Doc. No. 122, p. 1), because the Government has indicated that counsel for the Bureau of Prisons advised Defendant "was not in a Hospice unit like he claims . . . [and] was in an 'advanced' unit for treatment for his [urinary tract infection] because he needed IV medications, but it was not a hospice unit." (Doc. No. 125, p. 17). Despite defense counsel's exaggeration to the Court, the record, at a minimum, indicates that within the past several months, Defendant has received treatment at least twice a local hospital outside the confines of his facility.

See Kibble, 992 F.3d at 333-34 (Gregory, C.J., concurring) (recognizing requirement of "fact-intensive inquiry" that considers "circumstances that, collectively, qualif[y] as extraordinary and compelling" (citations omitted)).

In view of the extraordinary and compelling circumstances present here, the Court also considers the relevant 18 U.S.C. § 3553(a) factors,[2] looking beyond Defendant's initial sentencing—which was conducted by and imposed by the undersigned—to also include Defendant's sentence-modification arguments and post-sentencing mitigation evidence provided in support of the instant motion. See, e.g., Chavez-Meza v. United States, __ U.S. __, 138 S. Ct. 1959, 201 L.Ed.2d 359 (2018) (explaining obligations of district judge in addressing sentence-modification motion under 18 U.S.C. § 3582(c)(2)); United States v. Martin, 916 F.3d 389 (4th Cir. 2019) (applying Chavez-Meza and explaining obligation of district judge to consider post-sentencing mitigation evidence and provide sufficient rationale in addressing § 3582(c)(2) sentence-modification motion); United States v. High, 997 F.3d 181 (4th Cir. May 7, 2021) (applying Chavez-Meza and Martin to affirm the district court's decision denying compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)).

Here, the Court considers the nature and circumstances of the offense, alongside the history and characteristics of Defendant, the need to provide just punishment and afford adequate deterrence while also protecting the public, and the ability to provide Defendant with medical care in the most effective manner. Defendant, who plead guilty to one count of receiving child pornography and one count of possession of child pornography, was sentenced to 121 months.

---

[2] In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

3

The Court notes that after Defendant was arrested, he was released on a $25,000 unsecured bond, without objection from the Government. He remained free on bond, without incident, until his guilty plea on March 5, 2014. During imposition of the original sentence, the Court concluded Defendant's history and characteristics weighed in his favor, particularly where Defendant was "extremely remorseful" and where "so many people" spoke during the sentencing in support of Defendant. (Doc. No. 69, p. 60). Currently, Defendant is 63 years old, has served nearly 86% of his sentence, and has not received *any* infractions while incarcerated. The Court also considers Defendant's arguments as to his ability obtain the most effective medical care for his worsening medical conditions outside of the Bureau of Prisons care if his sentence is reduced to time served. Furthermore, the Court finds that the original imposition of a supervised term of life on each count will continue to provide deterrence and protect the public. For these reasons, a reduction in sentence to time served is sufficient, but not greater than necessary, to satisfy the § 3553(a) factors.

Accordingly, the Court grants Defendant's Renewed Motion for Compassionate Release, (Doc. No. 122). Defendant's previously imposed sentence of imprisonment of 121 months is reduced to time served plus *up to* fourteen days. In granting the reduction of sentence to time served, this order is stayed for *up to* fourteen days in order for the Bureau of Prisons and the United States Probation Office to verify Defendant's residence and/or establishment of a release plan, make appropriate travel arrangements, and ensure Defendant's safe release.[3] Defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. There shall be no delay in ensuring

---

[3] The Court recognizes Defendant's pleadings before the Court provide minimal details as to Defendant's release plan to ensure the safety and well-being of Defendant and others. (Doc. No. 122, p. 4 "His release plan will be to live with his wife, Trudy Bridges, at their home in Kings Mountain, under the supervision of a U.S. Probation Officer of this Court."). Given the lack of specificity in the pleadings to the Court, the Court will require the release plan to be revisited and either confirmed or updated with any necessary modifications to ensure Defendant's safe release.

4

travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended.

Defendant does not request a "special term" of probation, and he does not seek the modification of any previously imposed condition of supervised release. (See generally Doc. No. 22). Indeed, Defendant's pleadings indicate he consents to the same terms and conditions of supervised release as originally imposed. (Id.) Accordingly, Defendant's previously imposed conditions of supervised release, (Doc. No. 61), are unchanged.

IT IS THEREFORE ORDERED that pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the Court GRANTS Defendant's Renewed Motion for Compassionate Release (Doc. No. 122). Defendant's previously imposed sentence of imprisonment of 121 months is reduced to time served plus *up to* fourteen (14) days to verify Defendant's release plan as explained above. All other terms and conditions of Defendant's original judgment and sentence remain in full force and effect, including but not limited to all restitution imposed and Defendant's previously imposed conditions of supervised release.

IT IS SO ORDERED.

Signed: October 6, 2021

Frank D. Whitney
United States District Judge